STATE v. JOE F. DAVIS, J. D. GUNTER, R. L. HARKEY and E. M. WAGLEY.

(Filed 1 December, 1948.)

**1. Gaming § 8—**

In a prosecution under G.S. 14-304, it is competent for witnesses who have examined and studied the machines in question to testify as to their physical description and operation.

**2. Same: Criminal Law § 31a—**

It is competent for a witness who has examined, studied and operated the machines in question to testify as to the physical changes necessary to convert, or reconvert, them into coin slot operated machines, since such testimony relates to matters within his knowledge based upon facts of his own observation, and is not expert testimony based upon hypotheses of fact; and further, his testimony as to the time necessary for such reconversion, if incompetent, could not be prejudicial.

**3. Gaming § 9—**

It was admitted that the machines in question were owned by one defendant and rented by him to the other defendants. The State introduced testimony of an officer, who had examined and studied the machines, that from his observation they could be converted, or reconverted, to coin slot operated machines by simple mechanical changes. *Held:* The evidence was sufficient to overrule defendants' demurrer, and the fact that the witness failed to complete a demonstration of the conversion of such a machine

because of lack of soldering tools, does not amount to a failure of the State's evidence upon the critical issue.   G.S. 14-306.

DEFENDANT's appeal from *Patton, Special Judge,* April 12, 1948, Extra Criminal Term, MECKLENBURG Superior Court.

In separate warrants the defendants were charged as follows: Joe F. Davis with owning, storing, possessing, selling, and leasing on shares slot machines in violation of G.S. 14-304; and the other three defendants with possessing slot machines in violation of said statute.   They were convicted in the Recorder's Court of the City of Charlotte, and on appeal the cases were consolidated for trial and heard upon the same warrants at April 12 Special Criminal Term of Mecklenburg, on defendants' pleas of not guilty.

The State proceeded to develop its case through the testimony of the officers concerned with the capture of the machines and arrest of the defendants.   The evidence tended to show they went into the several places of business of the defendants and found the machines or devices in question installed for operation, took possession of them as gambling devices or slot machines condemned by law, and arrested the defendants who had them in possession.   It was admitted that the machines were owned by Davis and rented by him to the defendants.   The machines were introduced as evidence in court; and witnesses testified that they were identical in construction and operation.   It was agreed that photographs of the machines should be sent up with the record in lieu of the machines.

The evidence tended to show that the machines were of the pinball type, but the slots had been filled up so that money could not be put into them.   The machines, the witness stated, had been fitted to operate by remote electrical control through a box or device placed behind the counter, by which the several successive stages of operation in propelling the balls against the pins and automatically adding up the result on the lighted scoreboard was accomplished by the person "playing."

A. L. White, lieutenant in the city police department, testified that he was familiar with machines like that introduced in evidence, and had occasion to make a mechanical examination of these machines, identical with the one introduced in evidence.

He was permitted, over objection and exception, to testify regarding their adaptability to conversion into slot machines.   He testified that the slot or recess in the coin lever of the machine now had a thin piece of metal over the hole or slot so that it could not in its then condition actuate the further operation; that it was only necessary to remove the electrically operated relay, after the covering strip of metal had been removed, to convert the machine into a coin slot operated machine, and that this might be done in 15 or 20 minutes.

The witness then described the operation in detail, and stated that this would convert the machine into a coin slot machine which could be operated by putting a coin in the recess of the lever and pushing it in. The witness stated that he had examined identical machines and that it made unpredictable scores.

On cross-examination the witness was asked to convert the machine into a coin slot machine, and stated that tools were necessary—a soldering iron to connect at least four contacts. Furnished a coin slot device for inserting the coin, the witness found no difficulty in inserting the coin-carrying member but further operation was impossible, as witness stated, because it was necessary to restore the electrical contacts with this device, which would require soldering a few wires.

At the conclusion of the State's evidence the defendants demurred to the evidence, made separate motions of judgment of nonsuit, which were declined, and defendants excepted.

There was a verdict of guilty as to each defendant. Defendants made motion to set aside the verdict for errors committed on the trial. The motions were declined and defendants excepted. Judgment was pronounced that defendant Joe F. Davis be confined in the common jail of Mecklenburg County, pay a fine of $100 and costs, the prison sentence suspended for two years upon condition that the defendant did not violate any law of the State, and especially the laws relating to slot machines and similar devices. As to the other three defendants, each, prayer for judgment was continued for five years. Defendants objected, excepted, and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Henry E. Fisher, G. T. Carswell, and Carl Horn, Jr., for defendants, appellants.*

SEAWELL, J. The objections of the defendants to the physical description and operation of the machines introduced in evidence, given by witnesses who had examined, studied and tried them in operation, are without merit. Of the same character is the objection to the testimony of White relating to the physical changes necessary to convert, or we should properly say in view of the evidence, reconvert the machines into coin slot operated machines.

The feature of the trial defendants more strongly challenge as objectionable relates to the testimony of White that the change could be made in 15 or 20 minutes and what they contend was his failure, or demonstration, that it could not be accomplished at all. The appellants contend that his estimate of the time required was incompetent as opinion evi-

dence, and even so his demonstration was tantamount to a failure of the State's evidence on the critical issue, justifying a nonsuit on the demurrer.

We cannot agree to either proposition.

The witness was testifying as to matters within his knowledge, upon facts of his own observation, and not as an expert within the ordinary legal acceptation of that term who bases his findings on the testimony of others,—hypotheses of fact, the truth of which he must assume. His statement is made in connection with the simple physical changes he saw necessary to effect the conversion; and we should say the defendants, if there should be some technical doubt as to the competency of the evidence, could hardly be prejudiced by the witness' estimate of the time it would take to solder connections in three or four wires.

The evidence tends to show that the adaptation of the machines to use as slot machines under the definition given in G.S. 14-306 could be readily and easily made; and the motion for judgment of nonsuit was properly declined.

Other exceptions are not regarded as meritorious.

We find

No error.